**LAUVAO of Aunuu, SUESUE of Amouli, and AGAE of Amouli, Plaintiffs**

v.

**TAUPULE of Aunuu, Defendant**

No. 16-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Lutali" of Aunuu]

October 15, 1951

ARTHUR A. MORROW, *Chief Justice;* LETULIGASE-NOA, *Assistant Judge;* and M. TIUMALU, *Associate Judge.*

14

Heard at Fagatogo, September 20, 21, 1951.

Lutu for Agae; Logo for Taupule, Aifili for Lauvao.

MORROW, *Chief Justice.*

The right to the succession to the matai name LUTALI of Aunuu is to be determined in this proceeding. On September 28, 1950 Taupule filed his application with the Registrar of Titles to be registered as the LUTALI. Lauvao of Aunuu, Suesue of Amouli, and Agae of Amouli each filed an objection to the proposed registration and became a candidate for the name.

When the hearing began Suesue filed a motion to withdraw his candidacy which the court granted, and he ceased to be a candidate.

Section 926 of the A. S. Code, as amended, which prescribes the requirements for eligibility to hold a matai title reads as follows:

"Eligibility Requirements for Matai Title: No person not having all the following qualifications shall be eligible to succeed to any matai title:

(a) Must be at least one-half Samoan blood;

(b) Must have resided continuously within the limits of American Samoa for five years immediately preceding the vacancy of the title, or before he becomes eligible for the title;

(c) Must live with Samoans as a Samoan;

(d) Must be a descendant of a Samoan family and chosen by his family for the title;

(e) Must have been born on American soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa, (2) but temporarily residing outside of American Samoa, or engaged in foreign travel at date of birth of such child, and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American

Samoa and desires such child to be an inhabitant of American Samoa."

During the hearing it appeared that candidate Agae had no LUTALI blood in his veins. He testified that his pedigree filed in the case was correct. The pedigree affirmatively showed that he had no LUTALI blood. Utu, who prepared the pedigree, stated that the pedigree was correct. Agae is a member of the Utu family. Upon motion of counsel for Lauvao, joined in by counsel for Taupule, Agae was dismissed as a candidate by the court since it was apparent in the light of all the evidence that he did not meet the requirement of Sec. 926(d) of the Code.

The evidence convinced the Court that both Taupule and Lauvao do meet the requirements of Section 926 of the Code, as amended, and are eligible to hold a matai name.

Section 933 of the A. S. Code provides that:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

Taupule, Lauvao, and Agae each filed a petition purporting to be signed by those members of the LUTALI family supporting his candidacy. There were 621 names on Taupule's petition, 440 on Lauvao's, and 436 on Agae's. Taupule testified that all of the 621 signers on his petition were members of the LUTALI family. Lauvao testified that not a single signer on Taupule's petition was a member of the family. Agae testified that the 621 signers in

Taupule's list were not LUTALI family members but were members of the Taufi family instead. Both Lauvao and Agae testified that Taupule was not a member of the LUTALI family. We shall make no finding on that matter since it is not necessary to a decision.

Taupule objected to 13 names on Lauvao's petition, not upon the ground that they were not members of the family but upon the ground that they had also signed Agae's petition. He admitted that all the signers on Lauvao's petition were members of the family. Agae testified that 429 of the 440 signers on Lauvao's petition were not members of the family. Taupule admitted that the 436 signers on Agae's petition were members of the family but objected to the 13 who had also signed Taupule's petition. Lauvao testified that not a single signer of the 436 of Agae's petition was a member of the LUTALI family. The Court is of the opinion after hearing the witnesses that the plurality of the family favor Lauvao rather than Taupule. It is not necessary for us to consider Agae's petition inasmuch as he was dismissed as a candidate. The court is convinced that many of the signers on Taupule's petition are not members of the LUTALI family. However, in deciding this case it is not necessary that we determine which of the two candidates, Taupule or Lauvao, the plurality of the family favors. We can decide the case upon the other three issues without considering the issue of the wish of the majority or plurality of the family. We make no finding on this issue since it is not necessary. See *Vai v. Fiapapalagi*, No. 11-1951 (Amer. Samoa); *Faaloloi Magaea v. Foloi Leatisua*, No. 19-1950 (Amer. Samoa).

Taupule completed the 4th grade in the faifeau's (pastor's) school. He speaks no English. He has had no experience as a matai. During the war he was a stevedore working on the dock at the Naval Station in Fagatogo. He also worked for the Public Works Department as a laborer for

17

a period of two years. He has plantations. He is the leading young man for the title Taufi. Prior to his becoming such he held a similar position in the Vaa family, and prior to that time he was the leading young man in the Tai family. Taupule testified that he has up to $30 a month income from the produce of his plantations, that he has two sons who give him $40 a month and that he receives $60 a month from other aigas, that he sold from $30 to $60 worth of copra a year and that he received $40 a month from the sale of mats.

Candidate Lauvao completed the 6th grade in the faifeau's (pastor's) school. He speaks a little English. He has had 16 years experience as a matai having held the Lauvao title for that period. He is a talking chief. He served 16 years in the Fita Fita Guard and Band which was part of the U.S. Navy for fifty years. He has plantations. He worked as a stevedore at the dock in Fagatogo during the war. He is now pulenuu (mayor) of the village of Aunuu. He is also a deacon in the LMS church. The evidence shows that Lauvao has played a leading part in village affairs. Among other things he was instrumental in getting a modern school house erected in Aunuu. He gave the teacher a house in which to live as well as assistance in other ways. He has carried the burden of entertaining important visitors in the village. He has an income of $66.30 a month as retired pay for his past service in the Naval Fita Fita Guard and Band. He sells mats, copra, oranges, pigs, and receives money from his aigas in the Marines. The court had an excellent opportunity to observe the personality of candidates Taupule and Lauvao during the hearing. It is our opinion, in view of the evidence and our observation, that Lauvao prevails over Taupule on the issue of forcefulness, character, personality and capacity for leadership, and we so find.

18

Lauvao is a great-grandson of LUTALI Tautalaso'o. He has one-eighth LUTALI blood in his veins. As to this we have no doubt whatever from the evidence. Taupule testified that his blood father was Lutali Taofi Taupule and that he had one-half LUTALI blood in his veins; that his blood grandfather was Lutali Tuulopa. Lauvao testified that neither Tuulopa nor Toafi Taupule ever held the LUTALI title. Considering the evidence as a whole we are of the opinion that Lauvao's testimony is correct. We are supported in our conclusion that Taofi Taupule and Tuulopa never held the LUTALI title by the decision of the High Court in the case of *Pola and Motoi against Taofi, Utu and Pepa*, No. 9-1908 (Amer. Samoa). In the course of its decision in that case the court said:

"However, no Taofi ever held the name LUTALI and it will be noted that the name has not passed out of the control of the true descendants of LUTALI Alii, as the present Taofi (the Taofi here referred to by the Court is the Taofi Taupule who candidate Taupule says in the instant case was his blood father) proposed to do with it. The true descendants of LUTALI Alii have ultimately come into their inheritance, although at times adopted sons and other relatives have held the name. Taofi's claim of absolute and entire control cannot be entertained by this Court. It is vigorously repudiated by both of the other sides, and is of such a nature as would require the clearest and most indubitable proof to sustain. In considering the arbitrary and illogical conduct of Taofi and his testimony upon the witness stand, the Court will state in passing that Taofi's claim seems to have been based upon an arbitrary assumption of right by the Taofi family.

"The Court has been fortunate in having before it the testimony of Taofi, Utu and of LUTALI Taimoa, deceased, upon the subject of the name LUTALI, as given in the case of *Utu et al. v. Taofi et al.* (H.C. No. 6-1903) from which it was enabled to compare the statements of the witnesses in this trial with their testimony in the former trial. The testimony of Lutali Taimoa was of especial value to the Court. There was no testimony whatever in that case, showing that Taimoa held merely a life-interest in the name LUTALI, or that he was unable to pass it down to his lineal descendants."

19

We are further supported in our conclusion that Taofi Taupule, father of candidate Taupule, never held the LUTALI title by Taofi Taupule's own testimony in the 1903 case. On the witness stand in that case he testified, Q. "Are you the real Taofi?" A. "I am Taofi." Q. "Who is your father?" A. "Tuulopa." If Taofi had been the LUTALI he would have said so. If Tuulopa had been a LUTALI, his son Taofi would have referred to him as such. In another part of his testimony in the 1903 case, in answer to the question by Pele, "Where did you and LUTALI live after I left Aunuu?" Taofi Taupule answered, "On LUTALI's lands." And again in response to Pele's question "Were you together with this Lutali in the time of Faumuina or Faumuina's case?" witness Taofi Taupule answered, "We were together with Lutali up to the present day." Again Taofi Taupule was asked, "Who is the present LUTALI?" His answer was "This (pointing him out in the court)" He was also asked, "Are you the only claimant to these lands?" Answer, "Lutali and I." Then he was asked the question, "Who is the highest of you two?" (meaning Lutali or Taofi). He answered, "We are equal." When LUTALI was called to the witness stand in the 1903 case he testified: "I am Lutali and I live in Aunuu at present." In answer to the question, "Are you living with Utu or Taofi at present?" Lutali answered, "With Taofi."

We think Taupule, candidate and witness in the instant case, "talked too fast"; however, not quite fast enough to convince the court that his father and grandfather were Lutalis.

It is our conclusion from the evidence that Lauvao has ⅛ LUTALI blood in his veins and prevails over Taupule on the issue of hereditary right, and we so find.

We have said many times that the value of the holder of a matai title to the Government depends mostly upon his ability to handle the affairs of his family. That in turn

20

depends upon his forcefulness, personality, character, and capacity for leadership. In view of the fact that we find that Lauvao prevails over Taupule on the issue of forcefulness, character, personality and capacity for leadership we are forced to the conclusion that he will be of more value to the Government as the matai of the LUTALI family than would Taupule; and this particularly in view of the fact that Lauvao has already had 16 years of experience as a matai and talking chief. Lauvao has a very pleasing personality. We are confident from the evidence and our observation of him during the hearing that he has the capacity to get along well with other people, and that that capacity will be a great help to him in handling the affairs of the LUTALI family. We find for Lauvao on the fourth issue.

In view of our findings that Lauvao prevails over Taupule on the second, third and fourth issues it follows that the Court must award him the title of LUTALI.

A man cannot hold two matai titles at the same time. *Aufata v. Falemalu*, No. 95-1948 (Amer. Samoa); *Kosi v. Viliamu*, No. 77-1948, (Amer. Samoa); *Vaefoga v. Aunuua Lolo*, No. 4-1949 (Am. Samoa). Before Lauvao can be registered as the LUTALI, it will be necessary for him to resign from his present title.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Lauvao shall be registered as the holder of the title LUTALI of Aunuu upon his filing his resignation as the holder of the title LAUVAO with the Registrar of Titles within fifteen days from the date of this decree.

Costs in the sum of $25.00 are hereby assessed against Taupule and a like sum against Agae, the same to be paid within thirty days.